# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 95cr0973 JM |
|---|---|
| Plaintiff, | |
| v. | **FACTUAL FINDINGS PURSUANT TO 18 U.S.C. § 3161(h)(7)** |
| ANTONIO REYNOSO-GONZALEZ, | |
| Defendant. | |

At the motion hearing held on January 22, 2016, the parties in this case agreed that this case is unusually complex, such that it is unreasonable to expect counsel for the defendant to prepare for pretrial proceedings and for trial within the time limits established by Title 18, United States Code, Section 3161. Accordingly, the Court hereby excludes the following time period under the Speedy Trial Act: from January 22, 2016, to March 18, 2016. See United States v. Ramirez-Cortez, 213 F.3d 1149, 1154 (9th Cir. 2000). Further, in support of its complexity determination, the Court hereby makes the following factual findings pursuant to Title 18, United States Code, Section 3161(h)(7)(A) and 3161(h)(7)(B):

(1) The charge against defendant Antonio Reynoso-Gonzalez ("Reynoso") and his twenty-two codefendants stems from an investigation conducted over multiple years and in multiple jurisdictions. The investigation utilized court-authorized

electronic surveillance in several cities, including Los Angeles, Chicago and San Antonio. In addition to judicial districts within the United States, the indictment alleges the commission of overt acts in Mexico. The time frame of the conspiracy alleged in the indictment spans a period of over five years, ending in June 1995. Additionally, defendant Reynoso was extradited from Mexico to the United States to face the charge in this case. As such, this case is unusually complex, in that it raises novel questions of fact and law.

(2) To date, the Government has provided defendant Reynoso with over 35,000 pages of written discovery materials.

(3) The thousands of wiretap calls intercepted during the investigation were recorded on cassette tapes. The Government has taken the necessary steps to convert the cassette tapes to more readily-usable compact disks. However, that conversion process is ongoing. The vast majority of the intercepted conversations are in the Spanish language.

(4) Counsel for defendant Reynoso has not yet had an opportunity to obtain and review the transcripts and exhibits from the trial of codefendant Enrique Avalos-Barriga, which occurred in October 1996.

(5) Given the scope of the indictment, the unusually large volume of the written discovery materials and the thousands of Spanish language wiretap calls which must be reviewed by the defense, it would be unreasonable to expect counsel for defendant Reynoso to adequately prepare for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act despite the exercise of due diligence.

(6) Based on the foregoing factual findings, the Court designates this case as "complex" within the meaning of the Speedy Trial Act.

DATED: February 3, 2016.

HON. JEFFREY T. MILLER
United States District Judge